# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2010

No. 09-10794
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE SMITH,

Plaintiff-Appellant

v.

THE SHERIFF OF DALLAS COUNTY, TEXAS; UNKNOWN MEDICAL PERSONAL DOCTOR'S NAME, Employed at the Dallas County Jail; UNKNOWN MEDICAL PERSONAL DOCTOR'S NAME, Employed by Parkland Hospital,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-503

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:*

The district court dismissed the 42 U.S.C. § 1983 suit filed by George Smith, Texas prisoner # 576067, seeking compensation for the amputation of his toe following an allegedly erroneous diagnosis of a staphylococcus infection. The district court determined that the claims raised therein were duplicative of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith's prior civil suit against one of the same defendants in *Smith v. Bowles*, No. 3:06-CV-1189-N (N.D. Tex. May 16, 2007). The district court denied Smith's motion for leave to proceed in forma pauperis (IFP) on appeal based on its determination that Smith's appeal was not taken in good faith. We are now presented with Smith's request to proceed IFP on appeal and challenge to the district court's good-faith determination. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992). Smith also seeks the appointment of counsel on appeal.

Smith argues that his § 1983 suit raised claims that implicated his constitutional rights and that the district court therefore erred in dismissing his complaint. Smith does not challenge the district court's determination that the suit arises from the same series of events underlying his prior civil rights action. He thus has waived the issue whether the district court erred by certifying that his appeal would raise no nonfrivolous claims in challenging its dismissal of the suit as duplicative. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also* FED. R. APP. P. 28(a)(9). Because Smith has not shown that he will present any nonfrivolous issue on appeal, his motions for leave to proceed IFP and for appointment of counsel are denied and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Our dismissal of Smith's appeal and the district court's dismissal of his civil rights suit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We warn Smith that if he accumulates a third strike pursuant to § 1915(g) he shall be barred from proceeding IFP while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.